**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000707
30-DEC-2021
08:19 AM
Dkt. 60 OP

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

IN THE INTEREST OF HV AND MV

NO. CAAP-20-0000707

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 19-00154)

DECEMBER 30, 2021

GINOZA, CHIEF JUDGE, LEONARD AND NAKASONE, JJ.

OPINION OF THE COURT BY NAKASONE, J.

Petitioner-Appellant State of Hawaiʻi, Department of Human Services (**DHS**), appeals from the Orders Concerning Child Protective Act, filed on November 12, 2020 (**November 12, 2020 Payment Order**), by the Family Court of the First Circuit (**Family Court**).[1] Pursuant to Hawaii Revised Statutes (**HRS**) § 587A-16(b) (2018) and HRS § 587A-41 (2018),[2] the Family Court ordered the DHS to pay for an evaluation of the alleged natural father of MV[3] (**Father**) to determine whether to appoint a guardian ad litem (**GAL**) for him. On March 10, 2021, the Family Court filed its

---

[1] The Honorable John C. Bryant, Jr. presided.

[2] These statutes are quoted infra.

[3] MV, along with HV, are the subject children in this HRS Chapter 587A Child Protective Act case.

Findings of Fact and Conclusions of Law (**FOFs/COLs**) for the November 12, 2020 Payment Order.[4]

On appeal, the DHS contends that Father's evaluation for a GAL appointment under HRS § 587A-16(b)[5] was not a

---

[4] The March 10, 2021 FOFs/COLs were filed after the DHS's Opening Brief was filed on January 21, 2021.

[5] HRS § 587A-16(b) provides:

> **[§587A-16]  Guardian ad litem. . . .**
>
> (b)  The court may appoint a guardian ad litem for an incapacitated adult party, as set forth below:
>
> (1)  Upon the request of any party or sua sponte, the court may order a professional evaluation of an adult party to determine the party's capacity to substantially:
>
> (A)  Comprehend the legal significance of the issues and nature of the proceedings under this chapter;
>
> (B)  Consult with counsel; and
>
> (C)  Assist in preparing the party's case or strategy;
>
> (2)  If the court orders a professional evaluation, the party shall be examined by a physician, psychologist, or other individual appointed by the court who is qualified to evaluate the party's alleged impairment:
>
> (A)  Unless otherwise directed by the court, the examiner shall promptly file with the court a written report which shall contain:
>
> (i)  A description of the nature, type, and extent of the party's specific cognitive and functional capabilities and limitations;
>
> (ii)  An evaluation of the party's mental and physical condition and, if appropriate, educational potential, adaptive behavior, and social skills;
>
> (iii)  A prognosis for improvement and a recommendation as to the appropriate treatment or habilitation plan; and
>
> (iv)  The dates of any assessments or examinations upon which the report is based;
>
> (B)  Upon the request of any party or sua

"service" within the meaning of HRS § 587A-41,[6] and therefore, the Family Court lacked authority to order the DHS to pay for Father's evaluation.[7]

We hold that, because this evaluation was a "professional evaluation" under HRS § 587A-16(b)(1) to determine Father's need for a GAL in the Family Court proceedings, the payment provision in HRS § 587A-16(f) applies. The record reflects that this evaluation was not a "psychological evaluation" that the DHS would provide as a "service" under HRS §

---

sponte, and after such hearing as the court deems appropriate, the court may appoint a guardian ad litem for an adult party only after a determination, by clear and convincing evidence, that:

(i)   The party is an incapacitated person; and

(ii)  The party's identified needs cannot be met by less restrictive means, including the use of appropriate and reasonably available assistance.

. . . .

(f)   The fees and costs of a guardian ad litem appointed pursuant to this section may be paid by the court, unless the party for whom counsel is appointed has an independent estate sufficient to pay such fees and costs. The court may order the appropriate parties to pay or reimburse the fees and costs of the guardian ad litem and any attorney appointed for the child.

(Bolding in original) (emphasis added).

[6]   HRS § 587A-41 provides:

**[§587A-41]  Payment for service or treatment provided to a party or for a child's care, support, or treatment.** (a) Whenever a service or treatment is provided to a party, or whenever care, support, or treatment of a child is provided under this chapter, the court may order the payment of such expenses by the persons or legal entities who are legally responsible for the same, after reasonable notice and hearing as the court directs.

(b)   The provisions of section 571-52 and all other remedies available under the law shall be applicable to enforce orders issued pursuant to this section.

(Bolding in original) (emphasis added).

[7]   No other party filed an answering brief.

587A-41.  The Family Court erroneously ordered the DHS to pay for the evaluation for Father in this case, and we reverse.

## I.  BACKGROUND

This case arose out of proceedings the Family Court conducted for the DHS's July 8, 2019 petition for temporary foster custody of the subject children.  See FOFs 1 and 4.  On August 4, 2020, Father's counsel requested a GAL be appointed for him.  FOF 9.  Pursuant to HRS § 587A-16(b) and based upon Father's counsel's request, the Family Court ordered Father to participate in a "psychological evaluation"[8] with Dr. Barbara Higa Rogers (**Dr. Higa Rogers**) to determine if Father required the appointment of a GAL.  FOF 10.

Dr. Higa Rogers's August 28, 2020 assessment indicated that the reason for the referral was for a mental health assessment to evaluate Father's "capacity to substantially:  A) Comprehend the legal significance of the issues and nature of the proceedings[;] B) Consult with counsel[;] and C) Assist in preparing the party's case or strategy."  Dr. Higa Rogers opined that Father "could benefit from a GAL at this time," because Father was "likely to have difficulty in the courtroom fully understanding what is occurring and will likely experience difficulty assisting his attorney."  The report concluded:  "the primary goal of this exam was to address [Father's] potential need of a GAL, which at this time, this examiner supports.  In the context of his mental health, significant concerns arise but are beyond the scope of this evaluation."

On September 16, 2020, the Family Court conducted a hearing to determine whether the DHS would agree to pay for Dr. Higa Rogers's $650.00 invoice, and the DHS did not agree.  FOF 11.  On September 29, 2020, the Family Court held a contested hearing on the issue of which entity was responsible for paying Dr. Higa Rogers's invoice:  the DHS or the Family Court.  FOF 12.  At the hearing, the DHS argued that Father's evaluation for a GAL

---

[8]      The Family Court used the term "psychological evaluation" to refer to the HRS § 587A-16(b) GAL evaluation.  Because HRS § 587A-16(b) uses the term "professional evaluation" and not "psychological evaluation," we use the statutory terminology of "professional evaluation" here.

was not requested by the DHS, was not part of the DHS service plan for Father, and that the Family Court had, in practice, paid for these evaluations in the past.  Father's counsel argued that the DHS should pay for the invoice.  Over the DHS's objection, the Family Court ordered the DHS to pay for the invoice.  FOF 13.

On November 12, 2020, the DHS's Motion for Reconsideration on the payment order was denied.[9]  FOF 14.  The Family Court subsequently entered FOFs/COLs that included the following pertinent to this appeal:

> [(FINDINGS OF FACT)]
>
> 10.  Based upon [Father's Counsel's] request and pursuant to Sec. 587A-16(b), Hawaii Revised Statutes ("HRS"), the Court ordered that [Father] participate in a psychological evaluation by Dr. BARBAR [sic] HIGA-ROGERS. This evaluation was a service to be provided to [Father] in order to determine if he required the appointment of a guardian ad litem.  No order was entered as to payment for the psychological evaluation.
>
> . . . .
>
> [(CONCLUSIONS OF LAW)]
>
> 1.  Sec. 587A-41, HRS, allows the Family Court to order payment of expenses when those expenses relate to a "service or treatment to a party . . . ."  Payment for these expenses may be ordered to be made by the "legal entities who are legally responsible for the same, after reasonable notice and hearing as the Court directs."
>
> 2.  Sec. 587A-16(b), HRS, governs the appointment of a guardian ad litem for an incapacitated adult.  The fees and costs of a guardian ad litem, after appointment, may be paid by the Family Court.  See. [sic] Sec 587A-16(f), HRS.
>
> 3.  Nothing in Section 587A-16, HRS, states, or even infers, that the cost of a psychological evaluation prior to the appointment of a guardian ad litem for an incapacitated adult is to be borne by Family Court.
>
> 4.  DHS has provided no statutory or case-law support for this Court to conclude that Family Court is liable for such a fee or cost.
>
> 5.  The psychological evaluation as conducted in this case is a "service provided to a party" under Sec. 587A-41, HRS.  It is a natural and necessary process and expense that has to be conducted for the DHS to meet its requirement of "reasonable efforts" in each and every case. Without such an evaluation, the case cannot move forward to

---

[9]  The November 12, 2020 Payment Order states:  "DHS' Motion for Reconsideration and to stay order is denied.  DHS shall pay the invoice for Dr. Barbara Higa Rogers within two (2) weeks."

either reunification or permanency.

> 6. Furthermore, without such an evaluation, DHS would be unable to meet its many obligations as delineated in Sec. 587A-15, HRS.

> 7. As such, the Court concludes and orders that Dr. HIGA-ROGERS' invoice in the amount of $650.00 is a cost properly paid by DHS.

(Underscoring in original). The DHS timely appealed the November 12, 2020 Payment Order.

## II. STANDARDS OF REVIEW

### Statutory Interpretation

"Statutory interpretation is a question of law reviewable de novo." JD v. PD, 149 Hawaiʻi 92, 96, 482 P.3d 555, 559 (App. 2021) (citation omitted). In construing statutes, we observe the following principles:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

Id. (citation omitted).

### Conclusions of Law

"The family court's conclusions of law are ordinarily reviewed de novo, under the right/wrong standard, 'and are freely reviewable for their correctness.'" JW v. RJ, 146 Hawaiʻi 581, 585, 463 P.3d 1238, 1242 (App. 2020) (citing Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006)).

## III. DISCUSSION

**A.   Because this evaluation was a "professional evaluation" to determine Father's need for a GAL in the Family Court proceedings, the payment provision of HRS § 587A-16(f) applies.**

The DHS contends that "[t]he family court is statutorily responsible for the costs for a GAL for a parent as

6

outlined in HRS § 587A-16(f), which should include an evaluation under this chapter."

At issue in this appeal is whether the subsection (f) payment provision of HRS § 587A-16 applies to the subsection (b)(1) professional evaluation ordered in this case. We conclude that it does.

HRS § 587A-16(f) provides: "The fees and costs of a guardian ad litem appointed pursuant to this section may be paid by the court . . . ." The Family Court ordered an evaluation for Father "pursuant to Sec. 587A-16(b)" to determine whether he required the appointment of a guardian ad litem. FOF 10. Thus, this evaluation was a "professional evaluation" of Father under HRS § 587A-16(b)(1), to determine Father's need for a GAL to aid him in the proceedings before the Family Court. A professional evaluation determines the party's capacity to comprehend the proceedings, consult with counsel, and assist in case preparation. HRS § 587A-16(b)(1)(A)-(1)(C).

Here, Dr. Higa Rogers' evaluation was ordered by the Family Court under HRS § 587A-16(b)(1), following the September 29, 2020 hearing where Father's counsel "requested that [Father] be evaluated for a guardian ad litem." The evaluation report stated that the reason for the referral was "to evaluate [Father's] capacity to substantially: A) Comprehend the legal significance of the issues and nature of the proceedings[;] B) Consult with counsel[;] and C) Assist in preparing the [Father]'s case or strategy." These reasons are the statutory factors that must be assessed to determine whether to appoint a GAL under HRS § 587A-16(b)(1). HRS § 587A-16(f) plainly applies to the subsection (b)(1) professional evaluation in this case. See JD, 149 Hawaiʻi at 96; 482 P.3d at 559.

In COL 2, the Family Court concluded that the HRS § 587A-16(f) payment provision applied only after a GAL is appointed, as follows: "the fees and costs of a [GAL], after appointment, may be paid by the Family Court." (Emphasis added). The actual language of HRS § 587A-16(f), however, does not expressly limit the Family Court's payment authority to the period "after appointment" of a GAL. Contrary to the Family

7

Court's conclusion, the statute includes fees and costs for a GAL "appointed pursuant to this section." HRS § 587A-16(f). This may include fees and costs, prior to an actual appointment of a GAL, that are necessarily incurred as a court determines whether to appoint a GAL under HRS § 587A-16(b).

We conclude that the payment provision in HRS § 587A-16(f) applies to the fee for Dr. Higa Rogers's subsection (b)(1) professional evaluation of an adult party like Father, who may be incapacitated and need an appointed GAL. The Family Court's conclusions (COLs 2, 3, and 4) interpreting HRS § 587A-16(f) as inapplicable to this case, were erroneous. See JW, 146 Hawaiʻi at 585, 463 P.3d at 1242.

> **B. The record reflects that this evaluation was not a "psychological evaluation" that the DHS would provide as a "service" under the HRS § 587A-41 payment statute.**

In COLs 1 and 5, the Family Court quoted HRS § 587A-41, and concluded that the "psychological evaluation as conducted in this case is a 'service provided to a party' under Sec. 587A-41," because the examination "is a natural and necessary process and expense" for "the DHS to meet its requirement of 'reasonable efforts' in each and every case." COL 5. On appeal, the DHS contends that "[a]n evaluation for a GAL for a parent is not a 'service' under [HRS] § 587A-41(a);" and that the Family Court's conclusion was wrong.

"[T]he family court's jurisdiction is not so broad that it extends to the ability to simply order anyone to pay for needed services. Obviously, there must be a legal basis establishing an obligation to pay." In re Doe, 96 Hawaiʻi 272, 286, 30 P.3d 878, 892 (2001). The DHS acknowledges that it "routinely pays for psychological evaluations, which are outlined in the DHS service plans and are designed to assist the DHS in identifying the existing safety issues and the services necessary to address those safety issues." Citing Doe, 96 Hawaiʻi at 286, 30 P.3d at 892, the DHS asserts that "the DHS is not legally obligated to pay for evaluations for GALs for parents" in Child Protective Act cases under HRS Chapter 587A. The DHS argues that

8

GAL evaluations are "distinguishable" from psychological evaluations "used by the DHS to determine which services" are needed "to address the identified safety issues and reunify the child with the parent[.]"  The DHS's argument is persuasive.

HRS § 587A-41 provides for payment to be made by the "legally responsible" entity "[w]henever a service or treatment is provided to a party . . . under this chapter . . . ."  Under HRS Chapter 587A, the Child Protective Act, the results of psychological evaluations are expressly enumerated in HRS § 587A-7(a)(5) (2018)[10] as a factor that must be considered in evaluating a family member's ability to provide a safe family home for the child.  A psychological evaluation may also be among the services that the DHS provides to facilitate the return of the child to a safe family home.  See HRS § 587A-27 (2018).[11]

Here, the Family Court expressly ordered Father's evaluation pursuant to the GAL statute, HRS § 587A-16, which made it a "professional evaluation" under HRS § 587A-16(b)(1), and not a psychological evaluation to assess Father's ability, or lack

---

[10]     HRS § 587A-7(a)(5) provides:

**[§587A-7]  Safe Family home factors.**

(a)  The following factors shall be fully considered when determining whether a child's family is willing and able to provide the child with a safe family home:

. . . .

        (5)  Results of psychiatric, psychological, or developmental evaluations of the child, the alleged perpetrators, and other family members who are parties[.]

(Bolding in original).

[11]     HRS § 587A-27 provides:

**§587A-27  Service plan.**

(a)    The service plan shall provide:

        (1)  The specific steps necessary to facilitate the return of the child to a safe family home, if the proposed placement of the child is in foster care under foster custody.  These specific steps shall include treatment and services that will be provided, actions completed, specific measurable and behavioral changes that must be achieved, and responsibilities assumed . . . .

(Bolding in original) (emphases added).

9

thereof, to provide a safe family home.  Dr. Higa Rogers's evaluation assessed the statutory factors to determine Father's capacity under HRS § 587A-16(b)(1)(A),(B) and (C); the evaluation did not assess whether Father was "willing and able to provide the child with a safe family home" under HRS § 587A-7(a)(5). Accordingly, COL 5's conclusion, that the evaluation in this case was a "service provided to a party" subject to the payment provision in HRS § 587A-41, was erroneous.  See JW, 146 Hawaiʻi at 585, 463 P.3d at 1242.

### IV.  CONCLUSION

For the foregoing reasons, we conclude that the Family Court erroneously ordered the DHS to pay for the HRS § 587A-16(b) professional evaluation in this case.  Rather, HRS § 587A-16(f) is applicable.

Accordingly, the Orders Concerning Child Protective Act, filed on November 12, 2020 by the Family Court of the First Circuit, are reversed with respect to the Family Court's order to the DHS to pay for the invoice of Dr. Barbara Higa Rogers.

On the brief:

Lianne L. Onishi
Deputy Attorney General
for Petitioner-Appellant
Department of Human Services

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge